HEDDENDORF v. MANHATTAN PRODUCE CO.

(Supreme Court, Appellate Term, First Department.   November 3, 1915.)

1. NEW TRIAL ⊜99, 119—GROUNDS—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

    A motion for a new trial on the ground of newly discovered evidence was properly denied, where the motion is not seasonably made, where the evidence was ascertainable before trial, where the evidence would not change the result, and where it was not shown who would give the testimony.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207, 243; Dec. Dig. ⊜99, 119.]

2. NEW TRIAL ⊜150—NEWLY DISCOVERED EVIDENCE—APPLICATION—CONTENTS.

    Failure of an application for a new trial for newly discovered evidence to state by whom the evidence will be given is in itself fatal to the application.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 306–310; Dec. Dig. ⊜150.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by William H. Heddendorf against the Manhattan Produce Company. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Order reversed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Robert J. Culhane, of New York City, for appellant.

Alfred J. Talley, of New York City (Denis R. O'Brien, of New York City, of counsel), for respondent.

SHEARN, J.   Plaintiff had a judgment for damages to property sustained in a collision with an automobile owned by the defendant. The judgment was thereafter affirmed. After affirmance, a motion was made for a new trial upon the affidavit of the president of the defendant corporation that he discovered on December 1, 1914 (nearly six months before the judgment was affirmed), that the motor car in question was driven at the time of the collision by one Bornich, an employé of a concern in the business of repairing automobiles, with which concern the automobile had been placed for repairs prior to the accident, and, further, that Bornich took the automobile without the knowledge, consent, or direction of the defendant. In opposition, an affidavit of Bornich was submitted, setting forth his business relations with the defendant's president, and stating that full information had been given by him to defendant's president concerning all of the details of the accident on the morning after it occurred; that on the morning of the accident defendant's president had requested him over the telephone to take the car out that night and test it, as something was wrong with it; that he was using the car with the full knowledge and acquiescence of defendant's president; that he had made a full statement of the facts in the office of defendant's attorney two or three nights before

the trial, and was subpœnaed by the defendant's president in person to attend on the trial, but did not attend because the defendant's attorney told him to wait at the garage and hold himself in readiness to come to court on telephone call.

It should be stated that the present counsel for the defendant was substituted after the trial. It must be apparent that practically every requirement justifying the granting of a new trial on the ground of newly discovered evidence is shown to be lacking. The motion was not made seasonably; the alleged new facts could, it clearly appears, have been ascertained before trial; they would not change the result; and, finally, it is not stated who will testify to the "new" facts, a defect which is, of course, fatal, irrespective of the other considerations. Cases should not be tried over and over again. There must be an end to litigation, and, while it is proper to grant a new trial where it is clearly established that there has been a miscarriage of justice, the evidence should be convincing, and the settled rules of procedure should be complied with.

Order reversed, with $30 costs, and judgment reinstated. All concur.